IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-11-578 |
| | * | |
| DEONTAYE DERRICK HARVEY | * | |

\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM

Deontaye Derrick Harvey is a federal prisoner who is serving a one-hundred-and-sixty-two-month sentence for Hobbs Act robbery and related firearm charges. (ECF 109, Judgment). Now pending is Harvey's amended motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF 259). The government opposes the motion, (ECF 262), and Harvey has not replied. For the reasons explained below, the motion will be denied.

## BACKGROUND

On September 19, 2010, Harvey and an unknown male entered Elite Gold & Diamonds in Mondawmin Mall in Baltimore, Maryland. (ECF 55, Plea Agreement, at 5-6). Harvey brandished a firearm at a victim, demanded jewelry, took various rings and watches, and fled. (*Id.* at 6). On March 30, 2011, Harvey drove with co-defendants Aaron Rakea Pratt and Reginald Duane Dargan, Jr., to the Columbia Mall in Columbia, Maryland, and entered Edward Arthur Jewelers. Harvey brandished a firearm and instructed an employee to empty a jewelry case of watches, and to hurry or else he would "shoot [him] in the foot." (*Id.*). Harvey and his co-conspirators left the mall with jewelry estimated to be worth $300,000.00. (*Id.*).

On May 23, 2012. Harvey pled guilty to one count of Interference with Commerce by Robbery (Hobbs Act Robbery), in violation of 18 U.S.C. § 1951(a), and one count of Possessing or Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). (ECF 55 at 1). On November 15, 2012, Harvey was sentenced to one hundred-and-sixty-two-months imprisonment followed by a three-year term of supervised release. (ECF 109). Harvey timely appealed this judgment (ECF 111, Not. of Appeal). The Fourth Circuit dismissed Harvey's appeal, finding that his waiver of his right to appeal in his plea agreement was knowing and voluntary. (ECF 159, Appellate J., at 3).[1]

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id*. But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Harvey requests compassionate release on the basis that his underlying health conditions place him at greater risk of serious illness related to COVID-19. The government does not contest

---

[1] The court also affirmed in part as to the appeal, concurring with Harvey's counsel that there were no meritorious issues for appeal. (*Id.* at 2 (citing *Anders v. California*, 386 U.S. 738 (1967)).

2

that Harvey's motion is properly before the court. (ECF 262 at 16-17 ("[T]he government does not dispute that he has met the minimum administrative prerequisite under § 3582(c)(1)(A) for filing the motion"); ECF 262-2, Ex. 2, Warden's Letter). The only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Harvey's sentence, and (2), if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As the Fourth Circuit has held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020).[2]

---

[2] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act §

Harvey argues that his medical conditions, including gastrointestinal issues and hypertension, constitute an "extraordinary and compelling" reason to reduce his sentence. (*See* ECF 260, Medical Records, at 2-3, 7 (listing abdominal pain, acid reflux, esophagitis, and hypertension)). The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated June 15, 2022). The CDC distinguishes between those conditions that are supported by "meta-analysis or systematic review" (e.g., cancer), those that are "suggestive of higher risk" and supported by observational studies (e.g., substance use disorders), and those that are supported only by "mixed evidence" (e.g., hypertension). *Id.* While hypertension is listed among this last type of underlying condition where co-morbidity is only supported by mixed evidence, Harvey fails to present a formal diagnosis of hypertension. (*See* ECF 260 at 7 (merely noting that "inmate's blood pressure was elevated" requiring a follow-up consultation). Acid reflux, abdominal pain, and esophagitis are not listed underlying conditions that increase risk of severe illness from a COVID-19 infection. Moreover, Harvey refused the Pfizer vaccine on two separate occasions when it was offered by the Bureau of Prisons. (ECF 262-4, Vaccination Rs., at 1-2). Being vaccinated, of course, does not guarantee immunity. The court agrees, however, that a refusal to be vaccinated, in the absence of a documented medical reason, undercuts a claim of extraordinary and compelling reasons for compassionate release.[3]

---

603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also McCoy*, 981 F.3d at 277-78 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

[3] The Bureau of Prisons currently lists Harvey's location as the Baltimore Residential Reentry Management Facility. Harvey's concerns about the spread of COVID-19 within Federal correctional facilities may be additionally ameliorated by his transition to a halfway house.

4

Even if Harvey's medical conditions could be considered extraordinary and compelling reasons for early release, the compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief based on Harvey's history and characteristics and the court's conclusion that Harvey remains a danger to the community. *See* r(1), (2)(B-C). Harvey was convicted of serious felonies involving a deadly weapon and multiple robberies. As this court determined at Harvey's sentencing, the one-hundred-and-sixty-two-month sentence was set as high as necessary for deterrence and to recognize the seriousness of the offense. Accordingly, the court concludes that Harvey is not an appropriate candidate for compassionate release.

## CONCLUSION

For the reasons explained above, Harvey's motion for compassionate release will be denied. The associated motions to seal will be granted to protect the confidentiality of personal medical information. A separate order follows.

7/18/22
Date

_____
Catherine C. Blake
United States District Judge